UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

JAMEL J. EDWARDS,

        Plaintiff,

   v.                                       CAUSE NO. 3:22-CV-627-DRL-MGG

WELLS,

        Defendant.

OPINION AND ORDER

Jamel J. Edwards, a prisoner without a lawyer, filed an amended complaint under 42 U.S.C. § 1983. (ECF 10.) Under 28 U.S.C. § 1915A, the court must screen the amended complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. To proceed beyond the pleading stage, a complaint must contain sufficient factual matter to "state a claim that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Because Mr. Edwards is proceeding without counsel, the court must give his allegations liberal construction. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

Mr. Edwards is incarcerated at Miami Correctional Facility (MCF). He claims that on June 21, 2022, he was transferred to a new dormitory. Upon arriving, he was told he would be cellmates with an inmate whom he "had problems with in the past," which

caused him to fear for his safety. He decided to refuse the cell assignment and to request protective custody, so he placed all his property on a table in the dayroom and sat down to wait for a correctional officer. Lieutenant Wells (first name unknown) arrived in the dayroom and asked him what he was doing. He told her that he "was in fear for [his] life" because of his new cellmate and asked to be placed in protective custody. She allegedly refused to take him to protective custody and instead told him that if he did not go to his cell he would be sprayed with mace "and physically forced into it." He then went to his cell as directed.

Later that day, Mr. Edwards received threats (from whom he does not specify) that he would be stabbed as soon as the cell doors were opened for "count." When the doors were opened, Mr. Edwards left the cell and decided that he would refuse to go back. Shortly thereafter, however, the inmate his new cellmate approached him from behind and stabbed him.

The Eighth Amendment imposes a duty on prison officials "to take reasonable measures to guarantee the safety of inmates" and to "protect prisoners from violence at the hands of other prisoners." *Farmer v. Brennan*, 511 U.S. 825, 832-33 (1994). However, "prisons are dangerous places," as "[i]nmates get there by violent acts, and many prisoners have a propensity to commit more." *Grieveson v. Anderson*, 538 F.3d 763, 777 (7th Cir. 2008). Therefore, a failure-to-protect claim cannot be predicated "merely on knowledge of general risks of violence in a detention facility." *Brown v. Budz*, 398 F.3d 904, 913 (7th Cir. 2005). Instead, the plaintiff must establish that "the defendant had actual knowledge of an impending harm easily preventable, so that a conscious, culpable refusal

2

to prevent the harm can be inferred from the defendant's failure to prevent it." *Santiago v. Wells*, 599 F.3d 749, 756 (7th Cir. 2010). This is a high standard. The plaintiff must show that the defendant "acted with the equivalent of criminal recklessness, in this context meaning they were actually aware of a substantial harm to [plaintiff's] health or safety, yet failed to take appropriate steps to protect him from the specific danger." *Klebanowski v. Sheahan*, 540 F.3d 633, 639-40 (7th Cir. 2008).

Giving Mr. Wells the inferences to which he is entitled, he has stated a plausible deliberate indifference claim against Lieutenant Wells. He claims he told her about a specific threat of harm posed to him by a specific inmate, and she allegedly did nothing to protect him or alleviate the danger. Later that day, he was stabbed by that inmate. He has alleged enough to proceed past the pleading stage on a claim for damages against Lieutenant Wells.

The complaint can also be read to seek injunctive relief related to his ongoing need for protection from other inmates. The Warden of MCF has both the authority and the responsibility to ensure inmates at this facility receive protection from harm by other inmates as required by the Eighth Amendment. *See Gonzalez v. Feinerman*, 663 F.3d 311, 315 (7th Cir. 2011). The Warden will be added as a defendant and Mr. Edwards will be granted leave to proceed against him on an official capacity claim for injunctive relief.

After the amended complaint was filed, Mr. Edwards sent the court a letter stating that on September 2, 2022, he was in the prison cafeteria eating dinner when Lieutenant Wells walked by the table and called him a "snitch." She supposedly said to the other inmates sitting with him, "Why are y'all hanging with a snitch? . . He's not going to do

anything but snitch on you too." (ECF 11 at 1.) He claims her actions caused him to fear for his safety, and so he requested protective custody again. As of the filing of the letter on September 13, 2022, he claimed he hadn't "been helped" and was still in general population. He expresses concerns about being attacked while this case is pending.

Giving this filing liberal construction, the court will construe it as a motion for a preliminary injunction. "[A] preliminary injunction is an extraordinary and drastic remedy, one that should not be granted unless the movant, *by a clear showing*, carries the burden of persuasion." *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997) (emphasis in original). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). On the first prong, "the applicant need not show that [he] definitely will win the case." *Illinois Republican Party v. Pritzker*, 973 F.3d 760, 763 (7th Cir. 2020). However, "a mere possibility of success is not enough." *Id.* at 762. "A strong showing . . . normally includes a demonstration of how the applicant proposes to prove the key elements of its case." *Id.* at 763 (quotation marks omitted). In assessing the merits, the court does not simply "accept [the plaintiff's] allegations as true, nor do[es] [it] give him the benefit of all reasonable inferences in his favor, as would be the case in evaluating a motion to dismiss on the pleadings." *Doe v. Univ. of S. Indiana*, 43 F.4th 784, 791 (7th Cir. 2022). Instead, the court must make an assessment of the merits as "they are likely to be decided after more complete discovery and litigation." *Id.*

4

As to the second prong, "[i]ssuing a preliminary injunction based only on a possibility of irreparable harm is inconsistent with . . . injunctive relief as an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter*, 555 U.S. at 22. Furthermore, mandatory preliminary injunctions—"those requiring an affirmative act by the defendant" like the one Mr. Edwards seeks—are "cautiously viewed and sparingly issued." *Mays v. Dart*, 974 F.3d 810, 818 (7th Cir. 2020). In the prison context, the court's ability to grant injunctive relief is significantly circumscribed; any remedial injunctive relief "must be narrowly drawn, extend no further than necessary to remedy the constitutional violation, and use the least intrusive means to correct the violation of the federal right." *Westefer v. Neal*, 682 F.3d 679, 681 (7th Cir. 2012) (citations and internal quotation marks omitted); *see also Rasho v. Jeffreys*, 22 F.4th 703, 711-13 (7th Cir. 2022) (outlining the strict limitations on granting injunctive relief under the Prison Litigation Reform Act).

Based on the very limited information before the court, it is unclear if Mr. Edwards can demonstrate a likelihood of success on a claim that he is not receiving adequate protection from other inmates in violation of the Eighth Amendment or that he will be irreparably injured if he is not granted immediately relief while this case is pending. Therefore, the court will order a response from the Warden before taking further action on the request for a preliminary injunction.

For these reasons, the court:

(1) GRANTS the plaintiff leave to proceed against Lieutenant Wells (first name unknown) in her personal capacity for monetary damages under the Eighth Amendment

for failing to protect him from being stabbed by his cellmate on or about June 21, 2022, after he warned her that the inmate posed a threat to his safety;

(2) DIRECTS the clerk to add the Miami Correctional Facility Warden as a defendant;

(3) GRANTS the plaintiff leave to proceed against the Miami Correctional Facility Warden in an official capacity to obtain injunctive relief needed to protect him from harm by other inmates as required by the Eighth Amendment;

(3) DISMISSES all other claims;

(4) DIRECTS the clerk to redesignate the plaintiff's letter (ECF 11) as a motion for a preliminary injunction;

(5) DIRECTS the clerk, under 28 U.S.C. § 1915(d), to request a Waiver of Service from (and if necessary, the United States Marshals Service to serve process on) the Miami Correctional Facility Warden at the Indiana Department of Correction and to send him a copy of this order, the amended complaint, and the motion for a preliminary injunction;

(6) DIRECTS the clerk to fax or email a copy of the same documents to the Miami Correctional Facility Warden at the Miami Correctional Facility;

(7) DIRECTS the clerk, under 28 U.S.C. § 1915(d), to request a Waiver of Service from (and if necessary, the United States Marshals Service to serve process on) Lieutenant Wells (first name unknown) at the Indiana Department of Correction and to send her a copy of this order and the amended complaint;

(8) ORDERS the Indiana Department of Correction to provide the United States Marshal Service with the full name, date of birth, and last known home address of any defendant who does not waive service, to the extent this information is available;

(9) ORDERS the Miami Correctional Facility Warden to file and serve a response to the motion for a preliminary injunction as soon as possible but no later than **October 11, 2022**, with supporting documentation and declarations from staff as necessary, addressing whether the plaintiff is currently at risk of harm from other inmates and, if so, what steps are being taken to protect him; and

(10) ORDERS, under 42 U.S.C. § 1997e(g)(2), the Miami Correctional Facility Warden and Lieutenant Wells (first name unknown) to respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claims for which the plaintiff has been granted leave to proceed in this screening order; and

SO ORDERED.

September 15, 2022    *s/ Damon R. Leichty*
                     Judge, United States District Court