UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

JAMEL J. EDWARDS,

        Plaintiff,

        v.                        CAUSE NO. 3:22-CV-627-DRL-JPK

WELLS,

        Defendant.

<u>OPINION AND ORDER</u>

Jamel J. Edwards, a prisoner without a lawyer, is proceeding in this case against Lieutenant Nicole Wells "in her personal capacity for monetary damages under the Eighth Amendment for failing to protect him from being stabbed by his cellmate on or about June 21, 2022, after he warned her that the inmate posed a threat to his safety[.]" ECF 12 at 5-6. Lt. Wells filed a summary judgment motion, arguing Mr. Edwards did not exhaust his administrative remedies before filing this lawsuit. ECF 20. Mr. Edwards filed a response, and Lt. Wells filed a reply. ECF 48, 50. The motion is ripe for ruling.

Summary judgment must be granted when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Federal Rule of Civil Procedure 56(a). A genuine issue of material fact exists when "the evidence is such that a reasonable [factfinder] could [find] for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). To determine whether a genuine issue of material fact exists, the court must construe all facts in the light most favorable to the non-moving

party and draw all reasonable inferences in that party's favor. *Heft v. Moore*, 351 F.3d 278, 282 (7th Cir. 2003). A party opposing a properly supported summary judgment motion may not rely merely on allegations or denials in its own pleading, but rather must "marshal and present the court with the evidence she contends will prove her case." *Goodman v. Nat'l Sec. Agency, Inc.*, 621 F.3d 651, 654 (7th Cir. 2010).

Prisoners are prohibited from bringing an action in federal court with respect to prison conditions "until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). "[A] suit filed by a prisoner before administrative remedies have been exhausted must be dismissed; the district court lacks discretion to resolve the claim on the merits, even if the prisoner exhausts intra-prison remedies before judgment." *Perez v. Wisconsin Dep't of Corr.*, 182 F.3d 532, 535 (7th Cir. 1999). "Failure to exhaust is an affirmative defense that a defendant has the burden of proving." *King v. McCarty*, 781 F.3d 889, 893 (7th Cir. 2015). The law takes a "strict compliance approach to exhaustion." *Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006). "[U]nless the prisoner completes the administrative process by following the rules the state has established for that process, exhaustion has not occurred." *Pozo v. McCaughtry*, 286 F.3d 1022, 1023 (7th Cir. 2002).

Lt. Wells argues Mr. Edwards did not exhaust his available administrative remedies before filing this lawsuit because he never submitted any grievance alleging she failed to protect him in June 2022. ECF 21 at 6-8. Specifically, Lt. Wells provides an affidavit from the prison's Deputy Warden of Re-Entry, who attests that Mr. Edwards never filed any grievance regarding Lt. Wells or any threat to his safety. ECF 21-1 at 2. Lt.

Wells also provides Mr. Edwards' grievance records, which shows the grievance office has not received any grievance from Mr. Edwards since 2018. ECF 21-3.

In his response, Mr. Edwards concedes he never filed any grievance related to his claim in this lawsuit. ECF 48. Specifically, Mr. Edwards "does not dispute or object to the Defendants' claim of failure to exhaust remedies." *Id.* at 2. The court therefore accepts as undisputed that Mr. Edwards did not exhaust any relevant grievance before filing this lawsuit. Instead, Mr. Edwards addresses the merits of his claim against Lt. Wells. *Id.* at 1-3. But the merits of Mr. Edwards' claim against Lt. Wells are not relevant at this stage. *See Pavey v. Conley*, 544 F.3d 739, 741-42 (7th Cir. 2008) (holding that issues relating to exhaustion are to be resolved by the court before addressing a claim on the merits).

Mr. Edwards also argues filing a grievance would have been pointless because the grievance process did not offer him any viable remedy, as he required immediate protection and grievances take at least 24 hours to be processed. ECF 48 at 2-3. But "there is no futility exception to the PLRA's exhaustion requirement," as "the PLRA does not condition the applicability of the exhaustion requirement on the effectiveness of the administrative remedy available in a given case." *Massey v. Helman*, 196 F.3d 727, 733 (7th Cir. 1999); *see also Dole*, 438 F.3d at 808-809 (exhaustion is necessary even "if the prisoner believes that exhaustion is futile"); *Booth v. Churner*, 532 U.S. 731, 741 (2001) (exhaustion is mandatory "regardless of the relief offered through administrative procedures").

Accordingly, because the undisputed facts show Mr. Edwards did not exhaust his available administrative remedies before filing this lawsuit, summary judgment is warranted in favor of Lt. Wells.

For these reasons, the court:

(1) GRANTS Lt. Wells' motion for summary judgment (ECF 20); and

(2) DIRECTS the clerk to enter judgment in favor of Lt. Wells and against Jamel J. Edwards and to close this case.

SO ORDERED.

June 26, 2023                                         _s/ Damon R. Leichty_____
                                                             Judge, United States District Court